UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DAVID EUGENE YEILDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:16-cv-00217-SEB-TAB |
| | ) | |
| NANCY A. BERRYHILL Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF COMPLAINT**

**I.    Introduction**

Plaintiff David Yielding appeals the Administrative Law Judge's decision that he was not disabled. Plaintiff argues that the ALJ's residual functioning capacity determination is not supported by substantial evidence because the ALJ improperly discredited Plaintiff's testimony that he needs to frequently elevate his legs. Plaintiff's brief in support of complaint [Filing No. 11] should be denied because the ALJ adequately supported her conclusion that Plaintiff's testimony was not credible by citing inconsistencies between Plaintiff's testimony and the record.

**II.    Background**

At the hearing before an ALJ, Plaintiff claimed total disability beginning on his 50th birthday. The ALJ found that Plaintiff cannot perform any past relevant work, and his residual functional capacity was limited to light exertional work with a sit/stand option, due to his severe impairments: his history of hernias limited his ability to lift and to lean on his abdomen; his

degenerative disc disease and obesity limited his ability to lift and to stand; and his rotator cuff tear limited his ability to use his non-dominant arm.

Plaintiff also had a history of deep vein thrombosis. He was diagnosed with DVT in his left calf in February 2012 and prescribed medication. Plaintiff alleged that continued pain and swelling from the DVT required him to elevate his legs above his heart for 20 to 45 minutes, seven to eight times per day, as well as to wear compression stockings, and take daily Lovenox shots. Plaintiff further alleged the reason he took only a "conservative" amount of pain medication is that he could not afford it after losing his insurance.

### III. Discussion

The Court reviews the ALJ's decision to determine whether it is supported by substantial evidence, i.e. "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017). From that evidence, the ALJ must build a logical bridge to her conclusion. *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). The Court's substantial-evidence review is deferential: it will not supplant the ALJ's conclusion for its own. *Summers*, 864 F.3d at 526.

Here, the issue is whether the ALJ adequately supported her conclusion that Plaintiff's testimony that he needed to frequently elevate his legs was not credible. While other evidence may support Plaintiff's testimony, no other source claimed Plaintiff must elevate his legs in the manner to which Plaintiff testified. To reverse an ALJ's credibility determination, the claimant must show that the ALJ was "patently wrong." *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000). Plaintiff fails to meet his burden.

ALJs must conduct credibility analyses in accordance with Social Security Ruling 96-7p.[1] When an ALJ establishes that a claimant has an impairment that could reasonably be expected to produce the claimant's alleged pain, the ALJ must make a specific credibility finding. SSR 96-7p; *Boyd v. Barnhart*, 175 Fed. App'x. 47, 49 (7th Cir. 2006). To evaluate a claimant's credibility, the ALJ must look to seven factors:

> 1. The individual's daily activities;
>
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medications the individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the individual uses or has sued to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Boyd*, 175 Fed. App'x. at 49. The ALJ must be "sufficiently specific to enable meaningful appellate review." *Id*.

Here, the ALJ was required to evaluate Plaintiff's credibility because he established he had DVT, which could reasonably produce pain in his calves. Though the ALJ did not expressly address each factor in a dedicated section, her decision cites appropriate evidence, and Plaintiff does not object based on SSR 96-7p. The ALJ noted: 1) Plaintiff did very little throughout the

---

[1] 1996 WL 374186 (Jul. 2, 1996). The SSA replaced SSR 96-7p with SSR 16-3p as of March 28, 2016. 2016 WL 1020935, at *14168 (Mar. 16, 2016). However, SSR 96-7p applies here, because SSR 16-3p is not retroactive.

3

day, 2) his calves hurt and were tender with decreased sensation, 3) standing aggravated his symptoms, 4) he used a "conservative" amount of pain medication and took Lovenox daily, 5) he wore compression stockings and took Lovenox, 6) he claimed to elevate his legs frequently, and 7) he had an abnormal gait and his balance was fair.

The ALJ's credibility determination apparently turned on her conclusion that Plaintiff was, in general, not a credible witness. ALJs must articulate reasons for finding a claimant not credible. *See Castile v. Astrue*, 617 F.3d 923, 929 (7th Cir. 2010). Here, the ALJ listed six inconsistencies that led her to conclude that Plaintiff's testimony "does not bolster his allegations." [Filing No. 6-2, at ECF p. 31, R. at 30.] The ALJ noted: Plaintiff reported chronic pain, but did not take pain medication; his ability to do yard work was inconsistent with his hernia-repair symptoms; that he fell moving an empty tool box was inconsistent with his alleged limitations; he alleged recurring falls, but denied dizziness when seeing an orthopedic surgeon; and at the hearing, he showed "no outward signs of distraction by any cause"—i.e. pain. *Id*.

Most important, the ALJ found Plaintiff's testimony about his need to frequently elevate his legs to be inconsistent with the record. At his hearing, Plaintiff testified: "I have to raise my feet repeatedly during the day above my heart to get the swelling to go down. If I leave them down they just balloon up, and raising them up relieves the pain and gets the swelling down." [Filing No. 11, at ECF p. 6.] The ALJ contrasted this claim with two appointments (September 2013 and February 2015) in which physicians indicated no swelling. Earlier in the decision, the ALJ noted that Plaintiff also reported no swelling at an appointment in May 2012. Thus, his testimony, that his legs "balloon up" and he must elevate them above his heart, detracts from both his claimed need to elevate his legs and his credibility in general.

4

Plaintiff's argument fails to show the ALJ was "patently wrong." He points to evidence that could support a finding that Plaintiff's elevation claim was credible—Plaintiff had a record of pain, no medical source said his pain had subsided, and he wore compression stockings.[2] However, this incongruous evidence does not show that the ALJ's determination was patently wrong regarding Plaintiff's specific claim to require frequent elevation, and it does nothing to address the other inconsistencies in Plaintiff's testimony.

Plaintiff maintains, however, that the ALJ should have considered his stated need to elevate his legs in her RFC determination even if Plaintiff was not entirely credible. Plaintiff asserts that, if "the ALJ gave Mr. Yeilding *one quarter* of the credibility he deserved, . . . he would need to be reclined anywhere from 40 minutes up to 90 minutes" in an eight-hour work day. [Filing No. 11, at ECF p. 8 (emphasis in original).] However, Plaintiff cites no authority stating that ALJs must consider fractional increments of claimed impairments when they find the claim itself to not be credible. Therefore, the Magistrate Judge is not persuaded the ALJ's decision is not supported by substantial evidence.

### IV. Conclusion

Because the ALJ's findings were supported by substantial evidence, and Plaintiff failed to show the ALJ's credibility determination was patently wrong, the Commissioner's decision should be affirmed. Plaintiff's brief in support of complaint [Filing No. 11] should be denied.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within

---

[2] Plaintiff also notes that Dr. Clinton Evans "never seemed concerned by the fact that Mr. Yeilding did not have swelling on exam." Though far from clear, this inclusion may have been intended to imply that, if Dr. Evans knew Plaintiff wore compression socks but thought that Plaintiff's legs were not swelling, then Dr. Evans would have been concerned and told Plaintiff to stop wearing the compression socks.

fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 10/05/2017

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Larry J. Schad
SCHAD & SCHAD
lschad@schadlaw.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov